FILED '09 OCT 27 12:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA S. WEAVER                            Civ. No. 08-6212-HO

       Plaintiff,                          ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Plaintiff seeks review of the June 20, 2008, final decision of the Commissioner denying her request for review of the April 30, 2008, Administrative Law Judge (ALJ) decision finding her not disabled and denying her application for Supplemental Security Income disability (SSI) benefits.

## Discussion

The material facts and procedural history of the case are not in controversy and so are not here repeated. Plaintiff contends that the administrative law judge (ALJ) improperly discounted plaintiff's treating physician's November 14, 2007 assessment and opinion as well as Dr. Cochran's PTSD diagnosis

and similarly did not give her (plaintiff's) or her husband's testimony proper credence. (#14). In summary, defendants argue that there is substantial evidence in the record supporting the ALJ's findings that plaintiff is not disabled and therefore not entitled to benefits. (#16).

The record shows that plaintiff has been treated for chronic anxiety and depression since at least 2002. (Tr.16, 253). The ALJ noted that plaintiff was treated for these conditions throughout the years with a variety of medications despite her primary health care provider Dr. Cook's recommendations that she participate in counseling as well. (Tr.16). Except for two therapy sessions in late 2004, plaintiff has not participated in the recommended counseling because of her limited financial resources. (Tr. 16, 170, 180).

Plaintiff was assessed for her SSI claim on three separate occasions by three different providers: her treating physician (Dr. Cook), and two psychologists (Drs Kruger and Cochran), who saw plaintiff on referral. (Tr. 169; 180-85; 280-305). Dr. Kruger evaluated plaintiff in April of 2005; Dr. Cook evaluated her in November, 2007 and Dr. Cochran's evaluation took place just prior to the SSI hearing in February, 2008. *Id.* On the basis of these evaluations the ALJ found that plaintiff's medically determined mental impairments were severe and would result in significant vocational limits. Tr.17).

However, the ALJ in so finding determined that the record

did not support Dr. Cochran's diagnosis of posttraumatic stress disorder (PTSD) or Dr. Cook's ultimate statement that included such severe limitations that plaintiff's employment would be completely precluded. (Tr.17-18, 23).

An ALJ may properly discount medical opinions based on discrepancies between the opinion and the record. *Bayliss v. Barnhart,* 427 F3d 1211, 1216 (9th Cir. 2005). Here, the ALJ enunciated clear and convincing reasons for her conclusions.

She noted that Dr Cochran's apparent basis for his diagnosis of PTSD included plaintiff's subjective reports of (1) her rape 25 years ago, (2) her extensive symptomatology resulting from that traumatic event, (3) the traumatic birth of her son Colbi and (4) plaintiff's assertion that she already had been so diagnosed. (Tr. 17-18, 281, 283-84). However, as the ALJ noted, this history and its alleged sequelae of nightmares, daydreams and flashbacks are not well-founded in plaintiff's treatment (or evaluation) history neither of which reflected plaintiff or her family members ever previously reporting the rape, its alleged resulting symptoms or her being previously diagnosed with PTSD. (Tr. 18).

The ALJ also found that plaintiff had reported her son's traumatic birth to both Dr. Cook and Dr. Kruger, but had never reported the extensive symptoms resulting from that experience as she related to Dr. Cochran. *Id.* Instead, the symptoms plaintiff *had* reported resulted in Drs Kruger and Cook concluding that

plaintiff had a generalized anxiety disorder. (Tr. 18, 174, 20). Finally, the ALJ determined that plaintiff's reliability (regarding the basis of her PTSD diagnosis), was significantly undermined by the fact that her revelation of this 25-year old trauma (and its resulting symptoms), occurred for the first time in the month immediately prior to plaintiff's SSI hearing. (Tr.17-18).

Similarly the ALJ set out specific reasons for giving Dr. Cook's assessment summary limited weight. (Tr.21-23). The ALJ detailed the evidence with which the record is replete indicating that plaintiff has significant household stressors whether it be her marital separation, the addition of various foster children to the household, her daughter's relationships with "low lifes" and her resulting pregnancies, plaintiff's husband's unemployment or the addition of an adult foster care recipient to the household. (Tr. 20, 21, 170, 222, 230, 233, 282).

The ALJ appropriately concluded that Dr. Cook's treatment records did not reflect a level of impairment compatible with his ultimate assessment but rather showed that plaintiff's symptoms of depression and anxiety worsening in response to situational stressors or to her anti-anxiety medication being decreased or changed. (See e.g., Tr. 23, 187, 188, 194, 195, 235, 238-39). The ALJ as described above, provided specific and legitimate reasons based on substantial evidence in the record to support her findings that Dr Cochran's PTSD was not a medically

determinable severe impairment and that Dr. Cook's ultimate assessment was one she would give limited weight.

Finally, in order to find plaintiff's account of her impairments unreliable the ALJ must give specific, clear and convincing reasons for rejecting plaintiff's (and her husband's) testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ must specifically state the facts in the record that support her credibility determination. *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001).

In this instance the ALJ so stated the following numerous discrepancies between plaintiff's account of her situation and the record. (Tr.21-24). Plaintiff did not anywhere acknowledge medication dependency and yet the record shows her treating physician worrying about this and discussing it with plaintiff and her husband many times over the years. (See e.g., Tr. 219, 224-25, 234, 245-52, 261, 274-77). Plaintiff's test results with Dr. Cochran were either "not valid" or "marginally valid" and were therefore "not interpretable" because she exaggerated her symptoms. (Tr. 21, 296). The heightened severity of plaintiff's symptoms as reported by plaintiff and her husband at the hearing greatly exceeded any that were documented in her treatment records over the years. (Tr. 22-25, 326-340). These accounts included accounts of dissociative behavior in which plaintiff would as a result of her "meltdowns" drive off abruptly, arriving

without knowing why at her childhood hometown - these accounts contrasted sharply with their claims of plaintiff's increasingly isolating behavior wherein she was completely unable to leave her bedroom. (Tr. 325, 328-331, 334, 338-39) These reports were not only inconsistent but the ALJ noted they were also not previously reported to any of plaintiff's providers or evaluators. (Tr. 21-22). Additionally plaintiff's hearing testimony added a previously undocumented 2001 episode in which she was uncontrollable, thought the devil was after her and was taken by her family to the emergency room where she was briefly observed and then released. (Tr. 22, 330). For these clear and convincing reasons the ALJ found Ms. Weaver and her husband's testimonies concerning the intensity, persistence and limiting effects of her symptoms were both internally inconsistent and incompatible with the record.

Where, as here the plaintiff produces objective medical evidence of an impairment reasonably expected to produce symptoms, and there is no evidence of malingering, the ALJ may find the plaintiff not credible by providing specific, clear and convincing reasons supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The ALJ in this instance could (and did) rationally conclude from comparing plaintiff's treatment history and her testimony that her symptom testimony was not entirely reliable.

Thus in considering the entire record before her, the ALJ

concluded that while plaintiff had no exertional limitations she was limited to work that involved no more than one to three essential steps and which did not have public contact or involved close proximity to co-workers. (Tr. 25). The vocational expert (VE) upon being posed a hypothetical reflecting someone with plaintiff's residual functioning capacity (RFC) age, education and work experience concluded that such an individual would be able to perform the requirements of jobs that were present in significant numbers in the national and regional economy. (Tr. 26, 342-44). Plaintiff was therefore found to be "not disabled" and capable of making successful adjustment to such work. (Tr. 26).

For the reasons detailed above I find the ALJ's decision that plaintiff was not disabled supported by substantial evidence in the record.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 27th day of October, 2009.

*Michael C. Hogan*
United States District Judge